IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JOSE ERNESTO GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | C.A. No._____ |
| | § | |
| DAVITA KIDNEY CARE | § | |
| CONTRACTING, LLC d/b/a DAVITA | § | |
| DONNA DIALYSIS, | § | |
| | § | |
| Defendant. | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, Defendant Renal Treatment Centers – Southeast LP, incorrectly named herein as DaVita Kidney Care Contracting, LLC d/b/a DaVita Donna Dialysis, ("Defendant"), files this Notice of Removal, and would respectfully show as follows:

## I.

## PROCEDURAL BACKGROUND

1.      Defendant is a party to an action commenced against it by Plaintiff Jose Ernesto Garcia in the County Court at Law No. 6 of Hidalgo County, Texas, captioned as Cause No. CL-23-2117-F; *Jose Ernesto Garcia v. DaVita Kidney Care Contracting, LLC d/b/a DaVita Donna Dialysis* (the "State Action"). Pursuant to Local Rule 81, true copies of all executed process, pleadings asserting causes of action and answers thereto, orders signed by the state judge, docket sheet, a list of all counsel of record, and an index of the same, are attached hereto as Exhibit "A".

2.     DaVita was served with Plaintiff's Original Petition in the State Action (the "Petition") on May 30, 2023. Thus, this Notice of Removal is timely filed pursuant to 29 U.S.C. § 1446(b).

**II.**

**<u>DIVERSITY JURISDICTION</u>**

3.     Removal is proper as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

**A.  <u>Diversity of Citizenship</u>.**

4.     Defendant Renal Treatment Centers – Southeast LP is formed in Delaware and has its principal place of business in Colorado. Exhibit "B," Herod Decl. ¶ 4.  The citizenship of each member of Defendant Renal Treatment Centers – Southeast LP is as follows: DaVita – West LLC, incorporated in Delaware with its principal place of business in Colorado; Renal Treatment Centers, Inc., incorporated in Delaware with its principal place of business is Colorado. *Id.*

5.     DaVita Kidney Care Contracting, LLC is formed in Delaware and has its principal place of business in Colorado. Exhibit "B," Herod Decl. ¶ 5. Its sole member, Total Renal Care, is incorporated in California and has its principal place of business in Colorado. *Id.*

6.     Plaintiff, as alleged in the Petition, is a resident of Texas. Petition, ¶ 2.

7.     Accordingly, there is complete diversity of citizenship between the parties.

**B.  <u>Amount in Controversy</u>.**

8.     Plaintiff is asserting claims in excess of $75,000 by his Petition. Plaintiff claims he "would have received 50% of his salary under the long-term policy" from February 2023 "until he reached full retirement age in 2037." Petition, ¶¶ 9 and 12 at 3.

9.      In a case such as this where the petition does not clearly establish the amount in controversy, the removing party must prove by a preponderance of the evidence the amount in controversy exceeds $75,000.00. *See, e.g., De Aguilar v. Boeing Co.,* 11 F.3d 55, 58 (5th Cir. 1993). The removing party may satisfy this burden by: (1) showing it is facially apparent from the petition that the damages for the causes of action asserted are more likely than not to exceed $75,000; or (2) setting forth summary judgment-type evidence showing that the facts in controversy support a finding of damages in excess of $75,000. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998).

10.      Here, Plaintiff's claim that he is entitled to 50% of his salary for the next 14 years, alone, indicates the amount in controversy exceeds $75,000. Plaintiff was employed full-time at a rate of $21.11 per hour, which equates to approximately $48,066.44 per year. Exhibit "D," Prockish Decl., ¶ 4. Accordingly, based on the allegations in the Petition, Plaintiff is seeking $336,465.08 for alleged long-term disability benefits [50% x $48,066.44 x 14 years = $672,930.16]. This amount alone exceeds the $75,000 amount in controversy requirement for diversity jurisdiction.  Further, Plaintiff seeks actual damages, exemplary damages, court costs, special damages, incidental damages, consequential damages, mental anguish damages, pre-judgment and post-judgment interest at the highest legal rate, and further relief to which he may be entitled. Petition at 4.

11.      Because there is complete diversity of the parties and the amount in controversy exceeds $75,000, removal is proper pursuant to 28 U.S.C. § 1332(a).

**III.**

**FEDERAL QUESTION JURISDICTION**

12.     Additionally, and in the alternative, this Court has federal question jurisdiction over this litigation because some of the claims alleged against Defendant in the Petition are ones exclusively governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.*, as amended ("ERISA"). ERISA applies to any "employee benefit plan" if the plan is established or maintained by an employer or employee organization engaged in commerce or in any industry or activity affecting commerce.  29 U.S.C. § 1003.  An "employee benefit plan" is defined as an employee welfare benefit plan or an employee pension benefit plan.  29 U.S.C. § 1002(3).  A plan is a welfare benefit plan if it "was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, … benefits in the event of sickness, accident, disability, death or unemployment."  29 U.S.C. § 1002(1).

13.     In the State Action, Plaintiff is seeking to recover disability and health insurance benefits, along with other damages, from ERISA benefits plans in which he was a participant by virtue of his employment with DaVita. *See* Exhibits "A", "A-1" Pet. at 2-3. Through his employment with Renal Treatment Centers – Southeast LP, Plaintiff Jose Ernesto Garcia received disability and health insurance benefits. A true and correct copy of the Long Term Disability Plan, Policy No. G-52201-CO, issued to DaVita is attached hereto as Exhibit "C-1." The Summary Plan Description reflects that the Policy funds benefits under an ERISA employee benefits plan provided and administered by DaVita. *See* Exhibits "C," "C-1," Conley Decl., ¶ 4.

14.     The claims in the State Action are claims to recover benefits and to enforce Plaintiff's rights under this plan.  Therefore, the relief sought is available exclusively under ERISA Section 502. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 60-66 (1987). It is well-settled that

Congress has so completely preempted the area of ERISA law that any civil complaint arising in that area, even if it pleads state law claims only, "is necessarily federal in character." *Metropolitan Life*, 481 U.S. at 63-64; *Arana v. Ochsner Health Plan*, 338 F.3d 433, 437 (5th Cir. 2003); *Boren v. N.I. Industries, Inc.*, 889 F.2d 1463, 1465 (5th Cir. 1989). Therefore, the claims pleaded in the Petition are completely preempted by ERISA. Accordingly, removal to this Court is proper pursuant to 28 U.S.C. § 1441(a) as it is under the original jurisdiction of the Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).

15.    A true and correct copy of this Notice of Removal will be promptly filed with the Clerk of the County Court at Law No. 6 of Hidalgo County, Texas, as required by 28 U.S.C. § 1446(d).

16.    The following is a list of counsel of record for the parties:

Timothy A. Davis
DAVIS LAW, P.C.
1320 N. 10th Street, Suite 140
McAllen, Texas 78501
Telephone: (956) 540-7807
timm@tdavislawpc.com

**ATTORNEYS FOR PLAINTIFF**


Veronica T. Hunter
Juliana C. Gaige
**JACKSON LEWIS P.C.**
717 Texas Avenue, Suite 1700
Houston, Texas 77002
Telephone: (713) 650-0404
Facsimile:  (713) 650-0405
Veronica.Hunter@jacksonlewis.com
Juliana.Gaige@jacksonlewis.com

**ATTORNEYS FOR DEFENDANT**

## PRAYER

WHEREFORE, Defendant Renal Treatment Centers – Southeast LP prays that this action

be removed to the United States District Court for the Southern District of Texas, McAllen Division,

from the County Court at Law No. 6 of Hidalgo County, Texas.

Dated:  June 29, 2023

Respectfully submitted,

**JACKSON LEWIS P.C.**

 */s/ Veronica T. Hunter*
Veronica T. Hunter
Southern Dist. No. 3544808
Texas Bar No. 24122525
Veronica.Hunter@jacksonlewis.com
*Attorney-in-Charge*

Juliana C. Gaige
Southern Dist. No. 658395
Texas Bar No. 24041011
Juliana.Gaige@jacksonlewis.com
717 Texas Avenue, Suite 1700
Houston, Texas 77002
Telephone: (713) 650-0404
Facsimile:  (713) 650-0405

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that on June 29, 2023, I filed the foregoing *Notice of Removal* in accordance with the protocols for e-filing through the CM/ECF system, which constitutes service upon all counsel of record in accordance with such e-filing protocols.

Timothy A. Davis
DAVIS LAW, P.C.
1320 N. 10th Street, Suite 140
McAllen, Texas 78501
timm@tdavislawpc.com

*/s/ Veronica T. Hunter*
Veronica T. Hunter